| | |
|---|---|
| **18th Judicial District Court**<br>**Arapahoe County, State of Colorado**<br><br>Court Address:   7325 S. Potomac Street,<br>                         Centennial, CO 80112 | DATE FILED: August 25, 2023 8:38 AM<br>FILING ID: 507173E0E85CC<br>CASE NUMBER: 2023CV31636 |
| **Plaintiffs:**   Paul Church and Zareen Church<br><br>v<br><br>**Defendant:**   American Family Mutual Insurance Company, S.I. | ▲   COURT USE ONLY   ▲ |
| **Attorney for Plaintiffs:**<br>Attorney:   David M. Roth, #44800<br>Address:    The Roth Group<br>                    950 South Cherry St., Suite 416<br>                    Denver, CO 80246<br>Phone Num.: (303) 662-8082<br>FAX Num.:   (303) 662-8083<br>E-Mail:         david@rothgrouplaw.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW PLAINTIFFS, Paul and Zareen Church by and through their attorneys, The Roth Group, hereby respectfully submits the following Complaint against American Family Mutual Insurance Company, S.I. as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, Paul Church and Zareen Church, ("Plaintiffs") are citizens over the age of 18 and are domiciled in Arapahoe County in the State of Colorado.

2. Upon information and belief, Defendant, American Family Mutual Insurance Company, S.I. (hereinafter "Defendant"), is a foreign corporation organized under the laws of Wisconsin, authorized to do business in the State of Colorado, is in good standing, and is engaged in the business of insurance within the state by, and among other things, insuring Plaintiff's Property.

3. As stated in the Policy, each insured named in the Declarations is considered an owner of Defendant and therefore absolute diversity amongst the parties does not exist.

4. This Court has jurisdiction over the subject matter of this action and the parties hereto.

**EXHIBIT A**

5. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

## **GENERAL ALLEGATIONS**

6. Plaintiffs are the owners of real property and improvements including, without limitation, a residence located at 19489 E Fair Dr, Aurora, CO 80016 (hereinafter "Property").

7. Defendant issued the Plaintiffs' policy on November 27, 2017, with the policy number 41025-65979-02, insuring the Property (hereinafter "Policy").

8. The Policy was in effect during the period in which the subject loss occurred.

9. On or about June 18, 2018, a hailstorm (hereinafter "Storm") caused significant damage to the Property.

10. Hail and wind damage are covered perils under the Policy.

11. Plaintiffs filed a claim, identified by Defendant as claim number 01001160434, for the damage to the Property (hereinafter "Claim).

12. Plaintiffs and Defendant failed to agree on the cause and dollar amount of the damage pertaining to the Claim.

13. In July of 2020, Plaintiffs demanded appraisal in accordance with the Policy.

14. Plaintiffs and Defendant, respectively, selected competent, disinterested appraisers for the appraisal process, in accordance with the Policy.

15. On October 30, 2020, during the appraisal process, Defendant sent an email to Plaintiff's appraiser in an attempt to define and limit the scope of the appraisers' inspection and valuation.

16. Defendant's attempt to limit the scope of Plaintiffs' appraiser's inspection and valuation or otherwise dictate how the appraiser may assess or estimate damage was improper given the impartial nature of the appraisal process.

17. The appraisers failed to agree on the amount of loss of the Claim, so a competent and disinterested umpire was selected in accordance with the Policy.

18. According to the Policy, a written agreement between "any two of these three" (the two appraisers and the umpire) will set the dollar amount of the damage with respect to the "determination of damage or valuation." This agreement is binding on both the Defendant and Plaintiffs.

19. The Policy stated, "The appraisal determination of damage or valuation is binding upon [Plaintiff] and [Defendant].

**EXHIBIT A**

20. On August 22, 2022, Plaintiffs' appraiser and the umpire issued a signed appraisal award form, determining the damages to the Property as a result of the Storm had a Replacement Cost Value of $171,951.29.

21. This same day, Defendant improperly emailed the appraisal panel and requested Plaintiffs' appraiser justify the appraisal award in further detail.

22. Defendant's second attempt to exert influence over Plaintiffs' appraiser was improper given the impartial nature of the appraisal process.

23. On November 15, 2022, Defendant's Claim's Manager, Taylor Pontius, sent Plaintiffs a letter stating that they would not be honoring the valuation resulting from the appraisal process.

24. According to the Policy, "This appraisal process and the authority granted to the appraisers and the umpire can only be expanded and modified by written mutual consented signed by (Plaintiffs) and (Defendant)."

25. Plaintiffs never provided signed, written consent to alter the appraisal process or otherwise affect the authority of the appraisers and the umpire.

26. The November 15, 2022, letter stated that Defendant was refusing to honor the appraisal valuation because "our appraiser did not agree with your appraiser and the umpire regarding totaling the roof due to code."

27. Whether the roof was totaled due to Arapahoe County building code requirements was a determination of damage or valuation.

28. The Policy includes ordinance or law coverage that would apply to building codes.

29. Defendant has not stated that any portion of the damages included in appraisal award, such as damages that fall under ordinance or law coverage, are excluded under the Policy.

30. Defendant has not otherwise provided justification within the Policy for their denial of the appraisal amount.

31. Following the appraisal, Defendant drafted its own estimate despite the appraisal award.

32. Ultimately, Defendant paid Plaintiffs two checks: one for $71,088.13 and another for $808.50.

33. Neither payment, nor both payments combined, were payment in full of the appraisal award.

**EXHIBIT A**

## FIRST CAUSE OF ACTION
### (Breach of Contract)

34. Plaintiffs incorporate the other paragraphs of their Complaint as if fully set forth herein.

35. The Policy creates a contract of insurance.

36. By its actions, though not fully paying Plaintiffs' claims under the Policy, Defendant breached the contract of insurance.

37. As a direct and proximate result of said breach, Plaintiffs are entitled to damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Bad Faith Breach of Insurance Contract)

38. Plaintiff incorporates the other paragraphs of this Complaint as if fully set forth herein.

39. Defendant owed duties to Plaintiff under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair dealing, deal with Plaintiff fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinders or potentially injure Plaintiff's rights to receive the Policy's benefits.

40. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:
    a. Failing to properly investigate and evaluate Plaintiff's claim for Policy benefits;
    b. Failing to consider all available information when evaluating Plaintiffs' claim for insurance benefits;
    c. Failing to provide Plaintiffs with a reasonable explanation of its claims handling decisions;
    d. Failing to pay amounts due to Plaintiff's under the Policy in a timely manner;
    e. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims;
    f. Failure to give equal consideration to Plaintiff's rights and interests as it has given its own interests;
    g. Depriving Plaintiff of the benefits and protections of the contract of insurance; and
    h. Other conduct to be revealed through discovery.

41. As a result of this willful, wanton and reckless conduct, Plaintiff has directly and proximately suffered damages as set forth more fully in their prayer for relief below.

## THIRD CAUSE OF ACTION
### (Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)

42. Plaintiffs incorporate the other paragraphs of this Complaint as if fully set forth herein

**EXHIBIT A**

43. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

44. Plaintiffs are first-party claimants under C.R.S. §10-3-1115.

45. Defendant has improperly denied or delayed resolution of Plaintiffs' claim without a reasonable basis within the meaning of C.R.S. §10-3-1115.

46. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

47. Due to Defendant's actions and conduct as set forth herein in violation of C.R.S. §10-3-1115, Plaintiffs brings this claim to recover their reasonable attorneys' fees, court costs and, two times the covered benefit, as allowable under C.R.S. §10-3-1116.

WHEREFORE, Plaintiffs, Paul and Zareen Church, respectfully request that judgment be entered in their favor and against Defendant American Family Insurance Company as follows:

a) For compensatory damages, both economic and non-economic, in amounts to be proved at trial;
b) For double damages pursuant to statute;
c) For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;
d) For reasonable attorneys' fees and costs of suit herein; and
e) For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated this 25th day of August 2023.

Respectfully Submitted,
THE ROTH GROUP

*/s/ David M. Roth*
David M. Roth, #44800

ATTORNEY FOR PLAINTIFFS

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

**EXHIBIT A**

**EXHIBIT A**