IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-02524-NYW-TPO

PAUL CHURCH, and
ZAREEN CHURCH,

    Plaintiffs/Counterclaim Defendants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant/Counterclaim Plaintiff.

## ORDER

    This matter comes before the Court on Counterclaim Defendants' Motion to Dismiss Count III of Counterclaim Plaintiff's Counterclaims ("Motion to Dismiss"), [Doc. 37], filed by Plaintiffs and Counterclaim Defendants Paul and Zareen Church ("Plaintiffs" or "the Churches"). Defendant and Counterclaim Plaintiff American Family Mutual Insurance Company, S.I. ("Defendant" or "American Family") has responded in opposition, [Doc. 41], and Plaintiffs have replied, [Doc. 42]. The Court finds that oral argument would not materially assist in the disposition of the Motion to Dismiss.

    Upon review of the Parties' briefing, the entire docket, and the applicable case law, this Court respectfully **GRANTS in part** and **DENIES in part** the Churches' Motion to Dismiss.

## BACKGROUND

**I.     Procedural History**

This case arises out of a dispute between an insurer (American Family) and its insureds (the Churches).  The Churches originally filed their Complaint in Arapahoe County District Court on August 25, 2023, alleging three state law causes of action against American Family for breach of contract, common law bad faith breach of an insurance contract ("common law bad faith"), and a violation of Colo. Rev. Stat. § 10-3-1115 ("statutory bad faith").  *See* [Doc. 4 at 4–6].  American Family later removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  [Doc. 1].  On October 24, 2023, the Churches filed an Amended Complaint, their operative complaint in this matter.  [Doc. 14].  In the Amended Complaint, Plaintiffs assert the same three causes of action.  [*Id*. at 3–5].  American Family moved to dismiss the Amended Complaint in its entirety based on statute of limitations.  [Doc. 17].

On May 24, 2024, this Court denied American Family's motion to dismiss.  [Doc. 32].  On June 7, 2024, American Family filed its Answer and Jury Demand and Counterclaim ("Answer and Counterclaims"), [Doc. 33], asserting three counterclaims against the Churches:  a declaratory judgment claim seeking to vacate and set aside an appraisal award ("Counterclaim I"); a declaratory judgment claim seeking a declaration with respect to a "depreciation holdback" ("Counterclaim II"); and a misrepresentation claim ("Counterclaim III"), [*id.* at 21–25].  Only Counterclaim III is at issue in the instant Motion.

**II.     Factual Background**

The following allegations are drawn from the Answer and Counterclaims and taken as true for purposes of this Order.

In 2017, American Family issued a Homeowners Policy (the "Policy") for the Churches' property located in Aurora, Colorado (the "Property"). [*Id.* at 11 ¶ 7]. In June 2018, the Property sustained damage due to a hailstorm, and the Churches subsequently filed a claim with American Family in connection with resulting damage to the Property's roof tiles (the "Claim"). [*Id.* at ¶ 6].

On July 28, 2019, the Churches represented to American Family in writing that the original roof tiles were "no longer manufactured" and "no longer available." [*Id.* at 16 ¶ 25]. The following month, American Family obtained a tile from the Property's roof and submitted it to "ITEL"[1] for identification. [*Id.* at ¶ 26]. ITEL subsequently identified the sample as a tile manufactured by Eagle in an August 2019 report (the "August 2019 ITEL Report"). [*Id.* at 17 ¶ 27]. The August 2019 ITEL Report also states that Eagle still manufactures the tiles and that the tiles were available for purchase from a variety of sources. [*Id.* at ¶ 28].[2]

However, in an ITEL report from Masterpiece Roofing LLC dated April 24, 2020 (the "April 2020 ITEL Report"), *Monier* was identified as the manufacturer of the Property's roof tiles. [*Id.* at ¶ 31]. The Churches, their contractors, their public adjuster, and their appraiser relied on the April 2020 ITEL Report, [*id.*], and "ignored the [August] 2019 [ITEL]

---

[1] Although both Parties rely on "ITEL" reports generated in connection with the Property, neither Party provides additional context.

[2] A second report prepared by a "Haag Engineer" who inspected the Property on May 12, 2020 also confirmed that the tiles were manufactured by Eagle (the "Haag Report"). [Doc. 33 at 17 at ¶ 33].

report," [*id.* at ¶ 29].  The Churches submitted the April 2020 ITEL Report to American Family via email on June 20, 2020.  [*Id.* at ¶ 32].

On July 10, 2020, the Churches demanded appraisal and alleged that the roof had to be replaced because the tiles were no longer manufactured or available for repairs.  [*Id.* at 18 ¶ 36].  On July 29, 2022, the Churches' designated appraiser and the umpire signed an appraisal award (the "Appraisal Award") based on the "incorrect assumption that the roof tiles were manufactured by Monier and unavailable for repairs."  [*Id.* at 18–20 ¶¶ 40–42, 48–49].  In fact, the tiles were manufactured by Eagle and still available for repairs.  [*Id.* at 19–20 ¶ 49].

On August 18, 2022, American Family requested additional information from the umpire, including clarification on the Appraisal Award's references to "clay tiles."  [*Id.* at 20 ¶ 50].  In so doing, American Family also referred the umpire to the Haag Report and the August 2019 ITEL Report.  [*Id.*].  The next day, American Family contacted the Churches' public adjuster, requesting, among other things, "[i]nformation from the [appraisal] panel on the tiles included . . . so coverage could be applied."  [*Id.* at ¶ 52].  American Family "specifically referenced" the Haag Report in this communication.  [*Id.*].  Ultimately, the appraisal panel did not amend the Appraisal Award "based on the information provided."  [*Id.* at ¶ 53].  American Family asserts that the Appraisal Award is "not consistent with the Policy" and "not based on the correct roof tiles or availability of those tiles for repairs."  [*Id.* at 21 ¶¶ 58–59].

Based on the foregoing allegations, American Family claims that the Churches "concealed and/or omitted information relating to . . . the manufacturer of their roof tiles, and the estimated costs to repair the . . . Eagle tiles on their roof."  [*Id.* at 23 ¶ 84].

4

Relevant here, the Policy provides that coverage will not apply in the event the insured conceals or misrepresents any material facts or circumstances:

> 3. Concealment Or Fraud.
>
> …
>
> b. Coverage under Section I of this policy is not provided for any **insured** if, before or after a loss, any **insured** has:
>
> (1) concealed or misrepresented any material fact or circumstance;
> (2) presented any altered or falsified document or receipt;
> (3) engaged in fraudulent conduct; or
> (4) made false statements;
>
> relating to this insurance or any claim under this policy.

[*Id.* at 15 ¶ 21].

The Churches filed the instant Motion to Dismiss on July 12, 2024. [Doc. 37]. Counterclaim Defendants seek dismissal of American Family's misrepresentation counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* [*id.*]. American Family has responded to the Motion to Dismiss, [Doc. 41], and the Churches have filed a reply, [Doc. 42]. Thus, this matter is ripe for disposition and the Court considers the Parties' arguments below.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nevertheless, a plaintiff may not rely on mere labels or conclusions "and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claims "across the line from conceivable to plausible"). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

In the Motion to Dismiss, the Churches ask the Court to dismiss American Family's misrepresentation counterclaim with prejudice on two grounds. First, the Churches contend that American Family has waived its misrepresentation counterclaim through its course of conduct. [Doc. 37 at 4–7]. Second, the Churches argue that American Family fails to state a claim under Rule 12(b)(6). [*Id.* at 7–9]. The Court's analysis begins and ends with the latter because American Family has failed to state a counterclaim for misrepresentation under Colorado law.

**I.    Failure to State a Claim**

To state a misrepresentation claim under Colorado law, a plaintiff must allege facts establishing "(1) the insured misrepresented or omitted a fact; (2) the misrepresentations or omissions were material; and (3) the insured intended to deceive the insurer." *Wheatridge Off., LLC v. Auto-Owners Ins. Co.*, 578 F. Supp. 3d 1187, 1202 (D. Colo.

6

2022).³  To show that "an insured intended to deceive an insurer," the insurer must show that the insured made the misrepresentation knowingly and deliberately.  *Id.*

In its Answer and Counterclaims, American Family alleges that the Churches and the Churches' contractors, public adjuster, and appraiser misrepresented that (a) tiles on the Property's roof were made by Monier, (b) these tiles were no longer manufactured and no longer available, and (c) a full roof replacement was required.  [Doc. 33 at 24 ¶¶ 88, 92–93].  The Churches argue that American Family fails to adequately allege the second and third elements of its misrepresentation counterclaim.  [Doc. 37 at 7–9].  With respect to the latter, the Churches contend that American Family fails to allege facts sufficient to establish that the misrepresentations were made knowingly and deliberately. [*Id.* at 7–8].  Specifically, the Churches assert that Counterclaim III should be dismissed for failure to allege that the Churches, their contractors, or their public adjuster knew that the tiles on the roof of the Property were manufactured by Eagle and not Monier.  [*Id.*]. The Court respectfully agrees.

In its Response, American Family focuses on whether it "properly identified" the misrepresentations "at issue" and the "materiality" of those misrepresentations.  [Doc. 41 at 7–8].  But American Family fails to direct this Court to any allegations to support a finding that these misrepresentations were made *knowingly*.  *See Wheatridge Off., LLC*, 578 F. Supp. 3d at 1202.

---

³ While neither Party identifies a choice of law provision in the Policy, both Parties assume that Colorado law—and specifically, the standard articulated in *Wheatridge Office LLC v. Auto-Owners Insurance Company*, 578 F. Supp. 3d at 1201—governs the counterclaim. *See* [Doc. 37 at 8; Doc. 41 at 6].  The Court will likewise assume that Colorado law governs American Family's misrepresentation counterclaim.  *Cf. Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption.").

7

Indeed, while American Family cites allegations regarding when these alleged misrepresentations were made, it fails to allege facts that would permit a factfinder to conclude that the Churches were aware that Eagle—and not Monier—manufactured their roof tiles when they conveyed the April 2020 ITEL Report to American Family. For example, American Family does not allege that it provided the Churches or their agents with copies of the August 2019 ITEL Report, *see generally* [Doc. 33]; instead, American Family alleges only that the Churches "ignored" the August 2019 ITEL Report, [*id.* at 17 ¶ 29]. The face of the August 2019 ITEL Report also does not indicate that it was conveyed to the Churches or any of their agents; it appears to have been sent to American Family alone. [Doc. 33-4 at 2]. Though American Family alleges that it "specifically referenced" the Haag Report in a communication to the Churches' public adjuster in August 2022, [Doc. 33 at 20 ¶ 52], that was more than two years after the report was created, [*id.* at 17 ¶ 33], more than two years after the Churches demanded appraisal, [*id.* at 18 ¶ 36], and after the umpire selected by the Parties—including American Family—signed the appraisal award on July 29, 2022, [*id.* at 19 ¶ 48; Doc. 33-11]. And as the Churches point out, American Family "makes no factual allegations" that the Churches "otherwise knew that the tiles on the roof were Eagle tiles and not Monier," or that American Family ever "disputed the brand of the tile" after receiving the Churches' report identifying Monier as the manufacturer but before the umpire signed the appraisal award. [Doc. 42 at 6].

Because American Family fails to adequately allege that the Churches' misrepresentations regarding the brand of the tile or availability of replacements were made knowingly and deliberately, its counterclaim for misrepresentation cannot survive

8

the Churches' challenge under Rule 12(b)(6).  Accordingly, the Court grants in part the Motion to Dismiss and dismisses Counterclaim III without prejudice for failure to state a claim.

## II. Dismissal With or Without Prejudice

Finally, the Churches ask that Counterclaim III be dismissed with prejudice under Rule 12(b)(6), [Doc. 37 at 9], but fail to explain why dismissal with prejudice is appropriate. The Court respectfully declines to speculate about, or craft, any argument that might justify dismissal with prejudice, particularly given that the Churches have been represented by able counsel since the inception of this case.  *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments on behalf of litigants).  Nor can this Court conclude that an amendment would be futile, given the basis for dismissal.  Accordingly, the Court denies in part the Motion to Dismiss insofar as the Churches seek dismissal with prejudice.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Counterclaim Defendants' Motion to Dismiss Count III of Counterclaim Plaintiff's Counterclaims [Doc. 37] is **GRANTED in part** and **DENIED in part**; and

(2) American Family's Counterclaim III is **DISMISSED without prejudice** for failure to state a claim.

DATED: February 11, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

10